```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA,                DECISION AND ORDER

v.                                           12-CR-00145-RJA-JJM

MYRON JOHNSON,

                    Defendant.
_____
```

       This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters [2].[1] Before me are defendant's omnibus pretrial motion [16] and the government's cross-motion for reciprocal discovery [19]. For the following reasons, defendant's motion is granted in part and denied in part, and the government's cross-motion is granted.

## BACKGROUND

       Defendant is charged in an Indictment with two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), and with one count of maintaining a premises for the purpose of manufacturing, distributing and using cocaine, in violation of 21 U.S.C. §856(a)(1). Indictment [1].

---

[1]     Bracketed references are to the CM/ECF docket entries.

## ANALYSIS

**A.      Defendant's Motion**

   **1.      Motion for a Bill of Particulars**

Defendant argues that "in order to adequately prepare a defense and avoid surprise at trial", he requires a bill of particulars. D'Amico Affirmation [46], ¶4. Although defendant is not charged with a conspiracy, he seeks particularization of such a charge. Id., ¶5.

A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States v. Persico, 621 F.Supp. 842, 868 (S.D.N.Y. 1985). "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.'" United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994). It is defendant's burden to "make a 'particularized showing of need' for the information." United States v. Gonzalez, 1994 WL 689065, *2 (S.D.N.Y. 1994). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984).

Since defendant fails to make a particularized showing of need and does not seek particularization of the charges against him, this motion is denied.

2.  **Motion for Fed. R. Crim. P. ("Rule") 16 Discovery**

Defendant acknowledges that the government has provided "many discoverable items" and is seeking only "those items not previously disclosed." D'Amico Affirmation [16], ¶7. Without addressing defendant's specific requests, the government responds that "defendant has been provided with a disk containing all discovery in this matter" (government's Response [19], pp. 6-7), that "items not sent to defense counsel are available for review upon prior appointment with government counsel" (id., p. 9), and that it "is aware of its obligation to provide continuing Rule 16 discovery if and when such becomes known to the government, and agrees to comply with this requirement." Id.

Based on the government's representations, defendant's motion for further Rule 16 discovery is denied. Moreover, to the extent defendant seeks discovery centering on uncharged conduct - the existence of a conspiracy - these requests are also denied on this additional basis. *See, e.g.*, D'Amico Affirmation [16], ¶¶8-9, 11-12, 14, 44, 49-50.

3.  **Motion for Fed. R. Evid. 403, 404(b), and 609 Discovery**

While the government addresses defendant's Rule 16 requests, it does not respond to his requests for discovery pursuant to Fed. R. Evid. 403, 404 and 609. D'Amico Affirmation [16], p. 12. In his request, defendant states:

> "In order to permit defendant to determine whether or not grounds exist for objection, defendant requests that the government be required, in accord with Fed.R.Crim.P. 12(d), to disclose any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends

to use for purposes of impeachment of defendant should he testify." Id., ¶47.

Insofar as defendant cites to Fed. R. Evid. 403, which addresses the exclusion of relevant evidence, this issue is best left to the determination of the trial judge at the time of trial.

Fed. R. Evidence 404(b) requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Therefore, the government shall comply with this requirement.

Under Fed. R. Evid. 609(b), "the proponent [must] give[] an adverse party reasonable written notice of the intent to use" a conviction more than 10 years old. To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement.

4.  **Motion for Fed. R. Evid. 702, 703, and 705 Discovery**

Defendant requests discovery with respect to Fed. R. Evid. 702, 703 and 705, asking that "the government to provide . . . a list of the government's expert witnesses, if any, and the substance of any reports from these witnesses that may be in their possession, as well as written summaries of their anticipated testimony." D'Amico Affirmation [16], ¶48. The government does not respond to this request.

Therefore, to the extent the government has not already done so, it shall comply with the defendant's request for expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify under Fed. R. Evid. 702, 703 and 705.

5. **Motion for Production of Brady/Giglio Material[2]**

In response to defendant's motion, the government acknowledges "its obligations and responsibilities under Brady and . . . its continuing duty under Brady to produce such material, if and when it is aware of it." Government's Response [19], p. 10. It also "agrees to provide impeachment Brady material . . . . in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case." Id., p. 11. Based on the government's representations, this aspect of defendant's motion is denied as moot.

6. **Motion for Early Disclosure of Jencks Act Material**

"[A]ccording to the Jencks Act, the Government need not disclose such information regarding its witnesses until *after* the witness has testified at trial". United States v. Palmer, 884, F.Supp.2d 22, 28 (W.D.N.Y. 2012)(Scott, M.J.) (emphasis in original). However, the government responds that it "will provide . . . all the material required to be provided pursuant to [18 U.S.C. §3500, including grand jury testimony] . . . at a time no later than 48 hours prior to trial or as ordered by the District Court." Government's Response [19], p. 12. Based on the government's representation, defendant's motion is denied as moot.

---

[2]  Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972).

### 7. Motion for Informant Identities

Defendant argues that "[r]eview of material disclosed to date reveals that many of the informants referred to were participants in the criminality alleged in the Indictment." D'Amico Affirmation [16], ¶66. Therefore, "[i]n order to prepare an adequate defense" defendant argues that "it is necessary that informant identities be revealed so that counsel may attempt to interview them and otherwise investigate their allegations, biases, and benefits derived from cooperating with the government." Id., ¶67. The government responds that defendant "has not satisfied his burden of showing a 'particularized need' for the disclosure of the informants' identities. Particularly in the absence of any such showing and given the drug-related nature of this case, the government's interest in protecting the confidential informants' safety certainly outweighs the defendant's generalized, and unsupported statement of need to learn the informants' identities." Government's Response [19], p. 13.

Defendant bears the burden of making "'a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case'". United States v. Bejasa, 904 F.2d 137, 139–140 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Disclosure of a confidential informant's identity is an "extraordinary remedy". United States v. Muyet, 945 F.Supp. 586, 602 (S.D.N.Y. 1996). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." United States v. Fields, 113 F.3d 313, 324 (2d Cir.), cert. denied, 522 U.S. 976 (1997); see Roviaro v. United States, 353 U.S. 53,

59 (1957); United States v. Jackson, 345 F.3d 59, 69 (2d Cir. 2003), cert. denied, 541 U.S. 956 (2004).

Defendant's generalized claims of need to not meet the required showing necessary for this relief. Even if the informants were criminal participants as defendant argues, "it is not sufficient to show that the informant was a participant in and witness to the crime charged". United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988), cert. denied, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989); see United States v. Mullen, 243 F.R.D. 54, 72 (W.D.N.Y. 2006) (Foschio, M.J.)(denying disclosure based upon argument that the informants are "percipient witnesses" and "may have exculpatory" information as being "speculative and provid[ing] no grounds for disclosure"). Therefore, this motion is denied.

### 8. Motion for Joinder in Motions of Co-Defendants

Since there are no co-defendants in this case, this motion is denied.

### 9. Motion for Leave to Make Other Motions

Defendant "reserves the right to make further motions as the factors and evidence emerge through requested disclosure." D'Amico Affirmation [16], ¶70. This motion is denied, without prejudice to the possibility of additional motions in the future, upon a showing of good cause for why they were not timely asserted. *See* Rule 12(e).

B.  Government's Cross-Motion for Reciprocal Discovery

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [19], pp. 9-10.  Defendant has not opposed this request.  Therefore, the government's motion is granted.  "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F.Supp.2d 291, 304-5 (W.D.N.Y. 2007) (Foschio, M.J./Arcara, J.) (emphasis omitted).

## CONCLUSION

For these reasons, I order that defendant's motion [16]  is granted to the extent it seeks the government's compliance with Fed. R. Evid. 404(b), 609, 702, 703 and 705, but is otherwise denied; and I further order that the governments cross-motion for reciprocal discovery ([19], pp. 9-10) is granted.

SO ORDERED.

Date: March 4, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
